BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:13-CV-02326-KJM-DAD |
| Plaintiff, | |
| v. | STIPULATION TO STAY FURTHER PROCEEDINGS AND ORDER |
| REAL PROPERTY LOCATED AT 3734 LAUREL STREET, SHASTA LAKE, CALIFORNIA, SHASTA COUNTY, APN: 006-160-028, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, | |
| | DATE:         N/A<br>TIME:          N/A<br>COURTROOM: N/A |
| REAL PROPERTY LOCATED AT 21915 ELK TRAIL W, REDDING, CALIFORNIA, SHASTA COUNTY, APN: 305-040-002, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, | |
| APPROXIMATELY $15,000.00 IN U.S. CURRENCY, | |
| 2008 APACHE BOX TRAILER, VIN: 5JRUE24278C201038, CALIFORNIA LICENSE NUMBER: 4JW1149, | |
| 2010 TRIUMPH MOTORCYCLE, VIN: SMTB01TL0AJ438759, OREGON LICENSE NUMBER: M672576, and | |

1

| | |
|---|---|
| 1<br>2<br>3 | OFF-ROAD DUNE BUGGY, VIN: CA736117, CALIFORNIA LICENSE NUMBER: 57V99P,<br>      Defendants. |

4        The United States and Claimants Glen Meyers and Aimee Burgess (collectively, the

5 "claimants") hereby stipulate that a stay is necessary in the above-entitled action, and

6 request that the Court enter an order staying all further proceedings until the resolution

7 of the related criminal case against Glen Meyers regarding drug trafficking at the

8 defendant property.

9       1.    Each claimant has filed a claim in this *in rem* forfeiture action, asserting they

10 are innocent owners of the defendant property.  ECF Nos. 12, 14.

11       2.    The stay is requested pursuant to 18 U.S.C. §§ 981(g)(1), 981(g)(2), and 21

12 U.S.C. § 881(i).  The United States contends that the defendant property was used to

13 facilitate the cultivation of marijuana and contends that the defendant currency

14 constitutes money or other things of value furnished or intended to be furnished by any

15 person in exchange for a controlled substance or listed chemical, all proceeds traceable to

16 such an exchange and/or was used or intended to be used to facilitate one or more

17 violations of 21 U.S.C. § 841 et seq. Claimants deny these allegations.

18       3.    To date, several individuals have been charged with federal crimes related to

19 marijuana cultivation and trafficking related to the defendant property, <u>United States. v.

20 Glen Edward Meyers, et al., 2:13-CR-00330-KJM</u>.  It is the United States' position that the

21 statute of limitations has not expired on potential criminal charges relating to the drug

22 trafficking involving the defendant property.  Nevertheless, the United States intends to

23 depose the claimants regarding their ownership of the defendant property, as well as their

24 knowledge of the marijuana grows and/or cocaine trafficking at the defendant property.  If

25 discovery proceeds at this time, claimants will be placed in the difficult position of either

26 invoking their Fifth Amendment rights against self-incrimination and losing the ability to

1 pursue their claims to the defendant properties, or waiving their Fifth Amendment rights
2 and submitting to a deposition and potentially incriminating themselves.  If they invoke
3 their Fifth Amendment rights, the United States will be deprived of the ability to explore
4 the factual basis for the claims they filed with this court.

5     4. In addition, claimants intend to depose, among others, the agents involved
6 with this investigation, including but not limited to, the agents with the Internal Revenue
7 Service.  Allowing depositions of the law enforcement officers at this time would adversely
8 impact the federal prosecution.

9     5. The parties recognize that proceeding with these actions at this time has
10 potential adverse effects on the investigation of the underlying criminal conduct and/or
11 upon the claimants' ability to assert any defenses to forfeiture.  For these reasons, the
12 parties jointly request that these matters be stayed until the conclusion of the related
13 criminal case.  At that time the parties will advise the court of the status of the criminal
14 investigation, if any, and will advise the court whether a further stay is necessary.

Dated:  3/11/14            BENJAMIN B. WAGNER
                                  United States Attorney

          By:     /s/ Kevin C. Khasigian
                   KEVIN C. KHASIGIAN
                   Assistant U.S. Attorney

Dated:  3/11/14            /s/ Joe Gazzigli
                                  JOE GAZZIGLI
                                  Attorney for Claimant Aimee Burgess
                                  (Authorized via email 3/11/14)

Dated:  3/11/14            /s/ Patrick K. Hanly
                                  PATRICK K. HANLY
                                  Attorney for Claimant Glen Edward Meyers
                                  (Authorized via email 3/11/14)

///

**ORDER**

For the reasons set forth above, this matter is stayed pursuant to 18 U.S.C. §§ 981(g)(1), 981(g)(2), and 21 U.S.C. § 881(i) until the conclusion of the related criminal case, at which time the parties will promptly advise the Court whether they believe a further stay is necessary.

IT IS SO ORDERED

DATED: March 24, 2014.

_____
UNITED STATES DISTRICT JUDGE